UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MARK A. EAVES,                    :    NO. 1:09-CV-00394
                                  :
        Plaintiff,                :
                                  :    **OPINION AND ORDER**
    v.                            :
                                  :
MELISSA L. STRAYHORN, et al.,     :
                                  :
        Defendants.               :


        This matter is before the Court on the Motion to Dismiss
Plaintiff's Complaint submitted by Defendants Tina Meranda, John
Dunn, Johnny Schadle, Ralph Jennings, Margery Paeltz, Bill
Geschwind and Dewayne Wenninger (the "Brown County Defendants")
(doc. 5), the Motion for Judgment on the Pleadings submitted by
Defendants Simon L. Leis, Jr. and Mitchell Bruser (the "Hamilton
County Defendants")(doc. 12), Plaintiff's respective Responses in
Opposition (doc. 11, doc. 16), and Defendants' respective Replies
(doc. 13, doc. 17).  For the reasons indicated herein, the Court
GRANTS both the Brown County Defendants' Motion to Dismiss (doc. 5)
and the Hamilton County Defendants' Motion for Judgment on the
Pleadings (doc. 12).

**I.  Background**

        The facts of this matter, which for the purposes of the
instant motions are taken to be true, are alleged in Plaintiff's
complaint as follows.  On April 5, 2006, Plaintiff purchased a 1995

Infiniti from Corey Strayhorn for seven hundred dollars, and the title was transferred to Plaintiff that same day (doc. 1). Subsequent to the sale of the car, Defendant Melissa Strayhorn, estranged wife of Corey Strayhorn, filed a stolen vehicle report on the car, and, shortly thereafter, Plaintiff was arrested for allegedly receiving stolen property and for driving a stolen motor vehicle (Id.). Plaintiff spent approximately one and one-half days in jail, and the car was impounded in the Hamilton County impound lot (Id.). The charges against Plaintiff were apparently not pursued, and the car was returned to Plaintiff on June 5, 2006 (doc. 5).

In April 2008, Plaintiff filed his original complaint pro se in the Brown County Court of Common Pleas, naming the "Brown County Commissioners," "Brown County Clerk of Courts," the "Brown County Sheriff," Melissa J. Strayhorn, and Corey J. Strayhorn as defendants (doc. 11). Plaintiff, through counsel, voluntarily dismissed that complaint on June 3, 2008 (doc. 5). Plaintiff, again through counsel, filed the current action on June 2, 2009 (doc. 1). Plaintiff brings this action under 42 U.S.C. §§ 1983 and 1988, claiming violations of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution (Id.). In addition to his constitutional claims, Plaintiff also alleges wrongful impoundment of his vehicle (Id.).

The Brown County Defendants and the Hamilton County

2

Defendants filed the instant motions, both contending that they are entitled to have the charges against them dismissed because the claims are barred by the statute of limitations, and Ohio's savings statute does not apply (docs. 5, 12).  Plaintiff filed his responses to the respective motions (docs. 11, 16), and Defendants filed their respective replies (docs. 13, 17), such that this matter is ripe for the Court's consideration.

## II.  The Applicable Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) requires the Court to determine whether a cognizable claim has been pleaded in the complaint.  The basic federal pleading requirement is contained in Fed. R. Civ. P. 8(a), which requires that a pleading "contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  Westlake v. Lucas, 537 F.2d 857, 858 (6th Cir. 1976); Erickson v. Pardus, 551 U.S. 89 (2007).  In its scrutiny of the complaint, the Court must construe all well-pleaded facts liberally in favor of the party opposing the motion.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  A complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Courie v. Alcoa Wheel & Forged Products, 577 F.3d 625, 629-30 (6th Cir. 2009), quoting Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)).  A

motion to dismiss is therefore a vehicle to screen out those cases that are impossible as well as those that are implausible. Courie, 577 F.3d at 629-30 (citing Robert G. Bone, Twombly, Pleading Rules, and the Regulation of Court Access, 94 IOWA L. REV. 873, 887-90 (2009)). A claim is facially plausible when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the conduct alleged. Iqbal, 129 S.Ct. at 1949. Plausibility falls somewhere between probability and possibility. Id. (citing Twombly, 550 U.S. at 557). As the Supreme Court explained,

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 1950.

The admonishment to construe the plaintiff's claim liberally when evaluating a motion to dismiss does not relieve a plaintiff of his obligation to satisfy federal notice pleading requirements and allege more than bare assertions of legal conclusions. Wright, Miller & Cooper, Federal Practice and Procedure: § 1357 at 596 (1969). "In practice, a complaint . . . must contain either direct or inferential allegations respecting

4

all of the material elements [in order] to sustain a recovery under some viable legal theory." Car Carriers, Inc. v. Ford Motor Co., 745 F.2d 1101, 1106 (7th Cir. 1984)(quoting In Re: Plywood Antitrust Litigation, 655 F.2d 627, 641 (5th Cir. 1981); Wright, Miller & Cooper, Federal Practice and Procedure, § 1216 at 121-23 (1969)). The United States Court of Appeals for the Sixth Circuit clarified the threshold set for a Rule 12(b)(6) dismissal:

> [W]e are not holding the pleader to an impossibly high standard; we recognize the policies behind Rule 8 and the concept of notice pleading. A plaintiff will not be thrown out of court for failing to plead facts in support of every arcane element of his claim. But when a complaint omits facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist.

Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434 (6th Cir. 1988).

The Court may grant a party's motion for judgment on the pleadings under Federal Rule 12(c) if it determines that the moving party is entitled to judgment as a matter of law. In arriving at such determination, "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." Tucker v. Middleburg-Legacy Place, 539 F.3d 545, 549 (6th Cir. 2008). In its evaluation, the Court may consider the "pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits." Felix v. Dow Chemical Co., No. 2:07-CV-971, 2008 WL 207857, *1 (S.D. Ohio

Jan. 23, 2008).  The Court may also "consider materials in addition to the pleadings without converting the motion to one for summary judgment if the materials are public records or are otherwise appropriate for the taking of judicial notice."  <u>Id</u>.

**III.  The Parties' Arguments**

Both the Hamilton and Brown County Defendants argue that Plaintiff's claims against them are barred by the statute of limitations (docs. 5, 12).  They argue that Ohio's savings statute, Ohio Revised Code § 2305.19, which serves to extend the applicable statute of limitations under certain circumstances, does not apply here because neither the Hamilton nor the Brown County Defendants were specifically named in the state complaint (<u>Id</u>.).

In addition, the Brown County Defendants Jennings, Paeltz and Geschwind argue that the individual capacity claims against them must be dismissed because, while they are the current Brown County Commissioners, they were not commissioners at the time the alleged unconstitutional conduct occurred (doc. 5).  These Defendants argue that they therefore cannot be held liable in their individual capacity under 42 U.S.C. §1983 because they did not personally participate in or otherwise authorize, approve or knowingly acquiesce in the alleged unconstitutional conduct, as is required by the statute (<u>Id</u>., <u>citing</u> <u>Leach v. Shelby Co. Sheriff</u>, 891 F.2d 1241 (6th Cir. 1989)).

Further, the Brown County Defendants argue that even if

6

Plaintiff had filed his federal complaint against the same parties named in the state complaint, the "Brown County Clerk of Courts" and the "Brown County Sheriff" are not proper parties to this action because they do not constitute a "person" under Section 1983 (Id., citing, inter alia, Ohio Rev. Code §2303 (an Ohio Clerk of Courts has no authority to sue or be sued) and Rhodes v. McDannel, 945 F.2d 117 (6th Cir. 1991)(a Sheriff's Department is not a legal entity subject to suit)).

Finally, again assuming that the federal complaint was properly filed against the same parties named in the state complaint, the Brown County Defendants argue that the Court should dismiss the official capacity claim against the Brown County Commissioners because Plaintiff has not identified a county policy or custom, connected that policy or custom to the county, and shown that the execution of that policy or custom caused the particular injury (Id., citing Graham v. County of Washtenaw, 358 F.3d 377 (6th Cir. 2004)).

Plaintiff responds that Ohio's savings statute applies when the original suit and the new action are substantially the same and contends that such is the case in the instant matter (docs. 11, 16 citing Children's Hosp. v. Ohio Dept. Of Public Welfare, 433 N.E.2d 187 (Ohio 1982)).  With respect to the Hamilton County Defendants, Plaintiff argues that judgment on the pleadings is inappropriate because factual issues exist (doc. 16).

7

Specifically, Plaintiff contends that whether or not the Hamilton County Defendants were on actual or constructive notice of the initial filing of the law suit and whether the Hamilton County Defendants are prejudiced by defending the instant action are questions of fact that cannot be decided in a motion for judgment on the pleadings (Id.).

Regarding the Brown County Defendants, Plaintiff contends that the complaints are substantially the same if the allegations in the first action gave the Defendants fair notice of the type of claims asserted in the second action (Id., citing Stone v. N. Star Steel Co., 786 N.E.2d 508, 512 (Ohio Ct. App. 2003)). Plaintiff further notes that courts must construe Ohio's savings statute liberally in order to permit the decision of cases on the merits rather than on "mere technicalities of procedure" (Id.).

Plaintiff cites a 1916 case decided by the Ohio Supreme Court for the proposition that a substitution by amendment that makes no change in the cause of action should relate back to the commencement of the suit (doc. 11, citing Second Nat. Bank v. Am. Bonding Co., 93 Ohio St. 36 (Ohio 1916)). In addition, Plaintiff points the Court to a case decided by the Indiana Supreme Court, as well as commentary from Baldwin's Ohio Civil Practice, for the idea that statutes of limitations should not bar substitution of the real party in interest provided the defendant was on notice of the claims and is not unfairly prejudiced (Id., citing Hammes v.

8

Brumley, 659 N.E. 2d 1021 (Indiana 1995) and Klein & Darling, Balwdwin's Ohio Civil Practice, 17:29 (2006)).  Although his argument is not explicit, Plaintiff's position appears to be that the defendants named in the federal complaint are the "real parties in interest" and therefore the Court should apply to this case, where defendants have been substituted, the principles of notice and prejudice applicable where plaintiffs have been substituted (doc. 11).

Finally, Plaintiff argues that the deficiencies in the state complaint were pleading-related because he was pro se and was not familiar with pleading rules and procedures (Id.).  Plaintiff contends that, despite these deficiencies, the Brown County Defendants were on notice of Plaintiff's action and are not subjected to any unfair prejudice in having to defend this litigation (Id.).

In their reply, the Brown County Defendants argue that Plaintiff is not simply substituting the names of the real parties in interest because Plaintiff is attempting to substitute seven named parties for the three original defendants (doc. 13).  The Hamilton County Defendants note in their reply that neither of the Hamilton County Defendants was named in the original complaint (doc. 17).

To support their argument, the Brown County Defendants note that the law governing substitution of a real party in

9

interest pertains only to plaintiffs, not defendants (Id., citing Hammes v. Brumley, 659 N.E.2d 1021 (Indiana 1995)). These Defendants also point to Ohio Civ. R. 17(a), which states that "[e]very action shall be prosecuted in the name of the real party in interest." Civ. R. 17(A). The Brown County Defendants argue that the purpose of Civ. R. 17(A) is to allow a defendant to "avail himself of evidence and defenses that he has against the real party in interest and to secure the finality of the judgment so that he is protected against a second suit brought by the real party in interest in the same matter" (doc. 13, citing IPI, Inc. V. Monghan, 2008 Ohio 975 (Ohio Ct. App. 2008)).

The Brown County Defendants further argue that Plaintiff's quotation of Children's Hospital to support the proposition that Ohio's savings statute applies when the original suit and the new action are substantially the same is incomplete, because Children's Hospital goes on to state that the actions are not substantially the same "when the parties in the original action and those in the new action are different" (Id., citing Children's Hospital, 433 N.E.2d at 188). The Brown County Defendants note that the Defendants in Plaintiff's current complaint are different from those in the state complaint, and therefore the savings statute does not apply (Id.).

In addition, the Brown County Defendants contend that Plaintiff's argument that he should be granted leniency regarding

10

the technical details of his pleadings because he filed the state complaint pro se is disingenuous because Plaintiff obtained counsel in the early stages of that litigation (Id.).

## IV. Discussion

The limitations period for an action under 42 U.S.C. § 1983 is determined by the limitations period for personal injury actions in the state in which the Section 1983 claim arises. Wilson v. Garcia, 471 U.S. 261 (1985). As both the Brown and Hamilton County Defendants note, the statute of limitations applicable to this action is two years under Ohio Revised Code § 2305.10 (docs. 5, 12, citing Browning v. Pendleton, 869 F.2d 989 (6th Cir. 1989)). Plaintiff offers no contrary position on the statute of limitations. The events forming the basis of Plaintiff's complaint occurred in 2006, and the current complaint was filed in 2009, which therefore puts this action outside the limitations period.

However, Ohio's savings statute allows a plaintiff to commence a new action one year after a judgment is reversed or fails "otherwise than upon the merits." Ohio Rev. Code §2305.19. This statute applies when "the original suit and the new action are substantially the same." Children's Hospital, 433 N.E.2d at 189. Notably, the actions are not substantially the same when the parties in the two actions are different. Id.

The Court notes that this is not a case where the rules

11

governing relation-back apply.  Federal Rule of Civil Procedure 15 allows an amendment to a pleading to relate back to the date of the original pleading under certain conditions, which can, for example, allow plaintiffs to add defendants to an action.  However, this case does not involve an amended complaint; this is not, for example, a situation where the state case was removed to federal court, with a motion to amend the complaint before this Court. See, e.g., Fed. Rules Civ. P. 15, 81.  Instead, Plaintiff's counsel opted to voluntarily dismiss the state case, which extinguished that complaint.  Plaintiff's federal complaint cannot be construed as an amendment to that extinguished state complaint, and the principles regarding amended complaints are thus inapplicable here. Instead, the question before the Court is merely whether, under the circumstances present here, Ohio's savings statute can be properly applied to save Plaintiff's claims from the statute of limitations.

For this reason, among others, Plaintiff's reliance on the 1916 Ohio Supreme Court case and the case from the Indiana Supreme Court is misplaced.  As Defendants note, the principles of notice and prejudice applicable in situations where there has been a substitution of the real parties in interest are not the guiding principles when a plaintiff attempts to add new defendants to a case after the statute of limitations has run.  On the contrary, these principles apply when a case is brought by a plaintiff who, it is later discovered, is not the real party in interest and the

actual real party in interest then seeks to be substituted for the original plaintiff. Indeed, the very authorities cited by Plaintiff all speak to substituted plaintiffs not defendants, likely because the legal concept of a "real party in interest" by definition is inapplicable to defendants. <u>See</u>, <u>e.g.</u>, <u>U.S. ex rel. Eisenstein v. City of New York, New York</u>, 129 S.Ct. 2230, 2234 (2009)(noting that the phrase "'real party in interest' is a term of art utilized in federal law to refer to an actor with a substantive right whose interests may be represented in litigation by another" and quoting Black's Law Dictionary 1154 (8th ed. 2004), defining the phrase as "[a] person entitled under the substantive law to enforce the right sued upon and who generally ... benefits from the action's final outcome). Plaintiff's argument that the Court should import these real-party-in-interest principles to the situation presented by the instant case is not well taken.

### A. The Hamilton County Defendants

The Court agrees with the Hamilton County Defendants' position that Ohio's savings statute does not apply to them in this case because they were not named in the state complaint. Plaintiff's state complaint named the "Brown County Commissioners;" "Brown County Clerk of Courts;" and "Brown County Sheriff's Office" (doc. 5). The state complaint does <u>not</u> name Hamilton County Sheriff Simon L. Leis, Jr. or Hamilton County Deputy Mitchell Bruser (<u>Id</u>.). For that matter, the state complaint does not name

13

any office or officeholder in Hamilton County (Id.).

Plaintiff's argument rests on an assertion that the Court cannot enter judgment on the pleadings because a question of fact exists regarding whether the Hamilton County Defendants had notice of Plaintiff's state complaint. While that is technically a question of fact, under these circumstances that question is really nothing more than a red herring. Indeed, Plaintiff's attempt to have this Court be "guided by" Stone v. N. Star Steel Co., 786 N.E.2d 508 (Ohio Ct. App. 2003) is not well taken. Stone involved a question of whether the defendant, who, notably, was named in the original complaint, had fair notice of an intentional tort claim alleged in the second complaint when only negligence was pled in the original complaint. Id. at 511-12. Stone, therefore, involved a question of whether the defendant had fair notice of the type of claim it was facing, not whether the defendant had notice that it was being sued. Plaintiff's attempt to import the standards from the former situation into the latter is misguided. Stone is not remotely on point here and has no relevance to the current case.

On the other hand, the Ohio Supreme Court's holding in Children's Hospital is entirely relevant. See Children's Hospital, 433 N.E.2d at 188 ("We hold the saving statute inapplicable in a case where the parties and relief sought in the new action are different from those in the original action."). In Children's Hospital, the original complaint was filed in federal court and

named the Governor of Ohio, the Director of the Ohio Department of Public Welfare and the Secretary of the United States Department of Health, Education and Welfare as defendants. <u>Id</u>. at 189. The new complaint was filed in state court and named the Ohio Department of Public Welfare as the lone defendant. <u>Id</u>. The Ohio Supreme Court held that the two cases were not substantially the same, as contemplated by the savings statute, in part because the parties in the state action were different from those named in the federal action. <u>Id</u>. at 190. While Plaintiff quotes at great length from the case, including the holding that guides this Court, he does nothing to distinguish his case from <u>Children's Hospital</u>, nor does he present anything to otherwise suggest that its holding should not apply to preclude his claims against the Hamilton County Defendants, and the Court finds no such reason.

The Hamilton County Defendants are indisputably different from the parties named in the original complaint, and Ohio's savings statute cannot be used to circumvent or undermine Ohio's statute of limitations or the federal pleading rules. The claims against the Hamilton County Defendants are barred by the applicable statute of limitations, and the savings statute does not save them. The Hamilton County Defendants are therefore entitled to a favorable judgment on the pleadings.

### B. The Brown County Defendants

Whether the savings statute applies to the Brown County Defendants is less obvious. Unlike the Hamilton County Defendants,

who were in no way named in the original complaint, Plaintiff appears to have attempted, with his current complaint, to substitute the individually-named Brown County Defendants for their respective offices named in the state complaint.  If, in the current complaint, Plaintiff has merely substituted the individually-named Brown County Defendants for the generic office names used in the state complaint, then the savings statute might save Plaintiff's claims against them.

### 1.    The Brown County Commissioners

In his current complaint, Plaintiff names Ralph Jennings, Margery Paeltz and Bill Geschwind, each in his/her individual capacity and in his/her capacity as a Brown County Commissioner (doc. 1).  With respect to these Defendants, the Court need not reach the savings statute issue because Plaintiff's claims against them fail under Twombly and Iqbal.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).  Plaintiff has alleged no facts supporting an inference of any sort, plausible or not, that any of these commissioners was personally involved in causing Plaintiff's alleged injury, and personal involvement is necessary for individual liability to attach. See, e.g., Hardin v. Straub, 945 F.2d 1193, 1196 (6th Cir. 1992).  This is so even if the Court liberally interprets Plaintiff's claim to be that the commissioners failed to supervise or train county personnel. See, e.g., Leach v. Shelby Co. Sheriff, 891 F.2d 1241, 1246 (6th Cir. 1989)(no failure to supervise claim

16

under Section 1983 where supervisor did not personally participate in or otherwise authorize, approve of or acquiesce in the conduct at issue).   Perhaps Plaintiff cannot allege any facts supporting the personal involvement of these commissioners because these three individuals were not the county commissioners in 2006 when the events forming the basis for this suit occurred (doc. 5). Irrespective of the reason, however, Plaintiff has simply not alleged facts sufficient to allow a plausible inference of liability against the commissioners in their individual capacities. See Iqbal, 129 S.Ct. at 1949.

Plaintiff's official capacity claims against the commissioners similarly fail. A suit brought against governmental officials in their "official capacity" is "essentially and for all purposes" a suit against the governmental entity itself, here, Brown County. See Leach, 891 F.2d at 1245-46 . Because respondeat superior liability is not available as a means of recovery under section 1983, Plaintiff must allege facts from which a plausible inference may be made that the county itself was a wrongdoer. Doe v. Claiborne County, 103 F.3d 495, 507 (6th Cir. 1996). To succeed in this, he must allege facts supporting a plausible inference that the county "caused a constitutional tort through 'a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers.'" City of St. Louis v. Praprotnik, 485 U.S. 112, 121 (1998) quoting Monell v. New York City Dept. of Soc. Servs., 436 U.S. 658, 694 (1978).  Plaintiff

17

must also allege facts supporting a plausible inference that the county's policy was a "moving force" in the deprivation of his rights and arose from "deliberate indifference" to such rights. Claiborne County, 103 F.3d at 508. Plaintiff, however, has alleged no facts at all, let alone any from which a plausible inference could be drawn, that support a claim that the county had a policy, ordinance, regulation or other official decision that acted as a moving force in the constitutional violations Plaintiff allegedly suffered. Consequently, Plaintiff's claims against the Brown County commissioners, in both their individual and official capacities, cannot survive the motion to dismiss.

### 2. The Brown County Clerk

Plaintiff claims that Defendant Tina Meranda is liable to him in both her individual capacity and in her official capacity as Brown County Clerk (doc. 1). The only fact alleged in Plaintiff's complaint that is specific to Meranda is that she "used the influence of her office to make a telephone call to the Hamilton County impound lot, which prevented the proper release of the motor vehicle" to Plaintiff (Id.).

Defendants essentially argue that the use of Meranda's name in the current complaint in place of her office, used in the state complaint, makes the savings statute inapplicable, but they cite no authority for that proposition. A liberal application of the savings statute would serve to save Plaintiff's claims against Meranda because the state complaint would have put Meranda on

18

notice that she would have to defend against Plaintiff's claims. Under these circumstances, the mere substitution of the office-holder's name for her office does not preclude the application of the statute. However, this is true only as to any action taken in Meranda's official capacity as Clerk of Courts because the state complaint cannot be read to have put Meranda on notice that Plaintiff intended to sue Meranda in her individual capacity. A plaintiff asserting a Section 1983 claim must clearly set forth in the pleading that the state defendant is being sued in his or her individual capacity, not merely his or her official capacity. Wells v. Brown, 891 f.2d 591, 593 (6th Cir. 1989). In his state complaint, Plaintiff merely named the "Brown County Clerk of Courts," with no mention at all of an intent to sue the clerk personally (doc. 5).

Where an individual capacity claim is not explicit, the Court uses a "course of proceedings" test to determine whether the defendant nonetheless received notice of the plaintiff's intent to seek personal redress. Shepherd v. Wellman, 313 F.3d 963, 967-68 (6th Cir. 2002)(courts are to consider the nature of the claims, requests for compensatory or punitive damages and the nature of any defenses raised in response to determine whether defendant had actual knowledge of potential for individual liability). Here, no facts are alleged in the state complaint that could remotely be construed as directed at Meranda as an individual; indeed, the phone call alleged is mentioned only in the current complaint and

19

not in the state complaint at all.  In addition, Plaintiff's state complaint alleges that the Brown County Clerk acted "under color of law," which weighs in favor of finding that the clerk was being sued in her official capacity.  See, e.g., Shepherd, 313 F.3d at 969.  Most compelling, however, is that the Brown County Defendants, including Meranda, unequivocally interpreted Plaintiff's state complaint as being lodged against them in their official capacities.  First, they did not move for dismissal on the basis of qualified immunity, which would have been an indication that they knew they were being sued individually.  See, e.g., Leach, 891 F.2d at 1245.  Second, the Brown County Defendants' motion for judgment on the pleadings at the state level expressly stated their understanding that Plaintiff's complaint was directed at them in their official capacities, not as individuals (doc. 5).  The Court thus finds that insufficient indicia exist that Meranda was on notice with Plaintiff's state complaint that she was being sued in her individual capacity.  Consequently, while the savings statute may be used to save Plaintiff's claims against Meranda in her official capacity, it cannot save the individual-capacity claims.

As with the county commissioners, Plaintiff's claims against Meranda in her official capacity are construed as claims against the county.  See Leach, 891 F.2d at 1245-46.  As discussed above, however, any such claims against the county fail for insufficient factual allegations.  See Iqbal, 129 S.Ct. at 1949;

20

Claiborne County, 103 F.3d at 507-08.

Therefore, dismissal of the claims against Meranda is warranted.

### 3. The Sheriff and Deputies

In his state complaint, Plaintiff named the "Brown County Sheriff" as one of the defendants (doc. 5). In the current complaint, he names the sheriff himself, Dewayne Wenninger, as well as two deputies, John Dunn and Johnny Schadle (doc. 1).

The analysis regarding Plaintiff's claims against Tina Meranda applies with equal force with respect to Plaintiff's claims against Dewayne Wenninger. With Plaintiff's federal complaint, he seeks to substitute the generic "Sheriff" with the specific name of the actual county sheriff, Wenninger. However, for the reasons discussed above, Plaintiff's individual-capacity claims against Wenninger fail because they were filed outside the statute of limitations, and Ohio's savings statute cannot work to save them. The savings statute can be used to save Plaintiff's official-capacity claims against the sheriff but, as above, such official-capacity claims do not survive the motion to dismiss for failure to allege facts sufficient to support a plausible inference of wrongdoing on the county's part.

Defendants Dunn and Schadle were not named in any way in Plaintiff's state complaint (doc. 5). As with the Hamilton County Defendants, Plaintiff's claims against Dunn and Schadle are untimely filed, and Ohio's savings statute cannot save them, as the

present case and the state case are not substantially the same because entirely new parties, Dunn and Schadle, have been added. See Children's Hospital, 433 N.E.2d at 188.

## V. Conclusion

Plaintiff is correct that the Court should construe the savings statute liberally so that, if possible, the case can be decided on its merits. Stone, 786 N.E.2d at 512. However, liberally construing the statute does not mean the Court can ignore the Ohio Supreme Court's holding that the savings statute cannot be used to sweep in defendants who were not parties in the original complaint. See Children's Hospital, 433 N.E.2d at 188.

Plaintiff's argument that the Court should overlook his pleading deficiencies because he filed the state complaint pro se would be more persuasive if Plaintiff had remained pro se. However, by the time Plaintiff voluntarily dismissed the original complaint he was represented by counsel (doc. 5). As the Hamilton County Defendants note, Plaintiff's counsel could have responded to the original motion for judgment on the pleadings or even filed an amended state complaint, naming the proper defendants (doc. 13). Instead, Plaintiff, through his counsel, filed a dismissal, waited a year, and then re-filed the case. Plaintiff cannot use the initial pro se filing to obscure the fact that he, with counsel, allowed the statute of limitations to run before re-filing his complaint.

Plaintiff's claims against the Hamilton County Defendants

are untimely filed, and, for the reasons discussed above, Ohio's savings statute cannot save them.  Therefore, the Court GRANTS the Hamilton County Defendants' Motion for Judgment on the Pleadings (doc. 12).

Plaintiff's claims against the Brown County Defendants in their individual capacities are untimely filed and, as outlined above, Ohio's savings statute is inapplicable.  His claims against the Brown County Defendants in their official capacities fail because he has not alleged facts sufficient to allow a plausible inference that the county had a policy or other official position that was a moving force in the constitutional violations Plaintiff allegedly suffered.  Therefore, the Court GRANTS the Brown County Defendants' Motion to Dismiss (doc. 5).

SO ORDERED.

Dated: June 15, 2010           s/S. Arthur Spiegel
                               S. Arthur Spiegel
                               United States Senior District Judge